## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| **MOHAMMED AL-ADAHI,** *et al.* | ) |
| | ) |
| *Petitioners*, | ) |
| | ) |
| *v.* | )   **Civil Action No. 05-280 (GK)** |
| | ) |
| **GEORGE W. BUSH,** *et al.*, | ) |
| | ) |
| *Respondents*. | ) |

---

## RENEWED EMERGENCY MOTION FOR INJUNCTION
## AGAINST FURTHER TORTURE OF MOHAMMED BAWAZIR

On February 24, 2006, Petitioner, Mohammed Bawazir, by and through counsel moved this Court for an Order prohibiting Respondents[1] from resuming the torture Respondents systematically inflicted on Petitioner to coerce him into ending a hunger strike he began at the Guantánamo Bay Naval Base in Cuba in August, 2005 (Dkt. No. 68).  Respondents opposed Petitioner's Motion, arguing, inter alia, that Petitioner was not entitled to the requested injunction because ". . . petitioner cannot establish that he faces imminent irreparable harm supporting his request for injunction . . . " because " . . . [h]e has not been on a hunger strike for over a month…"  (Resp. Supp. Mem. in Opp. (Dkt. No. 74-1) p.2).  Respondents also argued that

> "Because petitioner is not participating in a hunger strike and has returned to a healthy state, the procedures developed by JTF-Guantánamo to treat hunger-striking detainees are not being applied to petitioner.  Consequently, petitioner will not suffer any harm - let alone irreparable harm - if the request for injunction is denied.  (Resp. Supp. Memorandum in Opposition page 23).

---

[1]   As used herein, "Respondents" refers to the individuals acting under the authority, direction and control of the named Respondents or their successors in office.

Once briefing was complete, this Court took the matter under advisement.

On February 27, 2007, Respondents notified undersigned counsel that Mr. Bawazir had resumed his hunger strike and that Respondents had begun to force feed him again on February 21, 2007 (3/8/07 Declaration of Richard G. Murphy, Jr. ("Murphy Decl.") ¶ 2, attached hereto as Exhibit A.)  Accordingly, on March 9, 2007, Petitioner renewed his emergency motion for an injunction against further torture.  (Dkt. No. 96.)  On March 10, 2008, this Court denied Petitioner's motions without prejudice pending the Supreme Court's definitive ruling on the issue of this Court's jurisdiction.  (Dkt. No. 122.)  In *Boumediene v. Bush*, the Supreme Court ruled that this Court has jurisdiction over Petitioner's habeas case.  128 S. Ct. 2229, 2275 (2008).

Despite this Court's Order requiring them to provide Mr. Bawazir's medical records to Petitioner's counsel if Respondents were to resume force feeding Mr. Bawazir, Respondents did not notify undersigned counsel until January 7, 2009, that they had resumed force feeding Mr. Bawazir fifty days ago, on November 18, 2008.  Respondents' counsel did not provide any explanation as to why the government has failed to comply with this Court's order, but simply informed Petitioner's counsel that the government was in the process of collecting the medical records and would produce them "ASAP."  On January 8, 2009, undersigned counsel informed Respondents of their intention to file this renewed emergency motion.

Based on medical records provided to Petitioner's counsel in the past, it is likely that notwithstanding the fact that Petitioner is complying with the enteral feedings being forced upon him, Respondents are strapping Mr. Bawazir into a restraint chair, tying his legs, arms, head, and mid section to the chair.  (Murphy Decl. ¶ 6.)  Furthermore, if Respondents are proceeding with force feed procedures they have employed in the past, they are inserting and removing the feeding tube each time Mr. Bawazir is restrained and force fed.  (Murphy Decl. ¶ 5.)  In the past, Guantanamo personnel have regularly used a specialized restraint chair

designed only for use on those who violently resist force feeding on compliant hunger strikers like Mr. Bawazir.  The chair has six-point restraints that personnel often apply in an excruciatingly tight manner on the hunger striker's forehead, limbs, and torso.  Guantanamo personnel forcibly insert a feeding tube into the hunger striker's stomach via his nose without using anesthesia or lubricant and often administer feeding in a manner that causes him to vomit afterwards.  The process is needlessly painful.  *See* Traverse in Supp. of Ahmed Zuhair's Pet. for Writ of Habeas Corpus, Case. No. 08-864 (EGS), D.D.C, Dkt. No. 116 at 12 (citing Declaration of Ramzi Kassem ("Kassem Decl.") ¶¶ 41, 42; Petitioner Zuhair Habeas Pet. ¶¶ 53-59.)  Moreover, medical personnel at Guantanamo have told hunger strikers on multiple occasions that they will not receive medical treatment unless and until they end their hunger strike.  *See id.* (citing Kassem Decl. ¶ 144; and Pet'r's Mot. to Compel Complete Prod. of Med. Records and for Order Permitting Indep. Med. Exam. (Case No. 116, Dkt. No. 37).) Further, it has recently been revealed that in August 2008, riot squad personnel began to administer force-feedings in place of medical personnel, acting in a wantonly violent and medically unsound manner that has left detainees shackled to restraint chairs for hours on end covered in their own blood and vomit.  *See id.* (citing Kassem Decl. ¶¶ 148-49; Ex. 1 to Factual Supp. R. (Case No. 116, Dkt. No. 66) (letter from Mr. Zuhair describing August 14 incident of violent force-feeding by Guantanamo riot squads).  This process was curbed only after detainees smeared themselves with their own excrement in protest.  *See id.* (citing Kassem Decl. ¶ 152; Emergency Mot. to Compel Immediate Med. Relief 2 (Dkt. No. 92).)

Such actions would constitute renewed torture of Mr. Bawazir, a man who has been imprisoned for seven years without charge or hearing, in an attempt to again coerce him into giving up his hunger strike.  Accordingly, undersigned counsel cannot in good conscience wait

until Respondents produce Mr. Bawazir's medical records to renew Petitioner's emergency motion.

For the reasons stated herein, and in the declarations, briefs and other papers heretofore submitted in support of the Mr. Bawazir's prior Emergency Motions for Injunction, Mr. Bawazir's Motion should be granted.  A proposed Order is attached.

Counsel for Petitioners:

 /s/ Richard G. Murphy, Jr.
Richard G. Murphy, Jr. (D.C. Bar No. 472769)
Brian C. Spahn (Pursuant to LCvR 83.2(g))
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2415
Telephone: (202) 383-0635
Facsimile:  (202) 637-3593

Kristin B. Wilhelm (Pursuant to LCvR 83.2(g))
Sara Toering  (Pursuant to LCvR 83.2(g))
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia  30309-3996
Telephone: (404) 853-8000
Facsimile:  (404) 853-8806

John A. Chandler (Pursuant to LCvR 83.2(g))
King & Spalding LLP
1180 Peachtree St NE
Atlanta, Ga. 30309-3521
Telephone: 404-572-4646
Facsimile: 404 573 5142

January 8, 2009
Washington, DC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of January, 2009 I filed the foregoing electronically

through the CM/ECF system, which caused the following counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

**David J. Stander**
david.stander@usdoj.gov

**Judry Laeb Subar**
judry.subar@usdoj.gov

**Paul Edward Ahern**
paul.ahern@usdoj.gov

**Scott Michael Marconda**
scott.marconda@usdoj.gov

**Terry Marcus Henry**
terry.henry@usdoj.gov

**Alexander Kenneth Haas**
alexander.haas@usdoj.gov

**Andrew I. Warden**
andrew.warden@usdoj.gov

**James C. Luh**
james.luh@usdoj.gov

**Kathryn Celia Mason**
Kathryn.Mason@usdoj.gov

**Rodney Patton**
rodney.patton@usdoj.gov


SUTHERLAND ASBILL & BRENNAN LLP
By:      /s/ Richard G. Murphy
Richard G. Murphy