# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MOHAMMAD AL-ADAHI**, *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No. 05-280 (GK) |
| **BARACK H. OBAMA**, *et al.*,[1] | : | |
| Respondents. | : | |
| | : | |
| **RAFIQ BIN BASHIR BIN JALLUL ALHAMI**, *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No. 05-359 (GK) |
| **BARACK H. OBAMA**, *et al.*, | : | |
| Respondents. | : | |
| | : | |
| **FARHI SAEED BIN MOHAMMED**, *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No. 05-1347 (GK) |
| **BARACK H. OBAMA**, *et al.*, | : | |
| Respondents. | : | |

---

[1] Former President George W. Bush was named as the original lead respondent in this case. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes his successor, President Barack H. Obama, as the new lead respondent.

| | |
|---|---|
| JIHAD DHIAB, *et al.*, | : |
| Petitioners, | : |
| v. | : Civil Action No. 05-1457 (GK) |
| BARACK H. OBAMA, *et al.*, | : |
| Respondents. | : |
| HAMID AL RAZAK, *et al.*, | : |
| Petitioners, | : |
| v. | : Civil Action No. 05-1601 (GK) |
| BARACK H. OBAMA, *et al.*, | : |
| Respondents. | : |
| ALLA ALI BIN ALI AHMED, *et al.*, | : |
| Petitioners, | : |
| v. | : Civil Action No. 05-1678 (GK) |
| BARACK H. OBAMA, *et al.*, | : |
| Respondents. | : |
| MOHAMMED AHMED TAHER, *et al.*, | : |
| Petitioners, | : |
| v. | : Civil Action No. 06-1684 (GK) |

| | |
|---|---|
| **BARACK H. OBAMA,** *et al.*, | : |
| | : |
| Respondents. | : |
| ──────────────────────────── | : |
| | : |
| **MUHAMMAD AHMAD ABDALLAH AL ANSI,** *et al.*, | : |
| | : |
| Petitioners, | : |
| | : |
| v. | : Civil Action No. 08-1923 (GK) |
| | : |
| **BARACK H. OBAMA,** *et al.*, | : |
| | : |
| Respondents. | : |

### MEMORANDUM ORDER

The Government has filed a Motion to Clarify, Reconsider, or Amend Three Case Management Order Provisions and to Stay Those Obligations Pending Resolution of This Motion and Any Appeal. Upon consideration of the Motion, the Oppositions, the Reply, and the very extensive briefing relating to this Motion, the Court concludes that the Motion should be **granted in part and denied in part.**[2]

1.     The Government argues that Case Management Order #1 ("CMO #1") leaves open the key question of whether the Government must conduct open-ended searches for exculpatory information or whether the requirement to disclose "all reasonably available evidence" is satisfied by the searches for exculpatory information that have already been conducted by the Government in preparing its factual returns. This Court agrees with Judge Hogan that no more expansive

---

[2]     For the convenience of counsel and the public, a revised version of CMO #1 is attached hereto as Appendix A.

searches are required under § I.D.1. to meet the standard of disclosing "all reasonably available evidence."[3]

Judge Hogan further defined the term "reasonably available evidence" to include "evidence contained in any information reviewed by attorneys preparing factual returns . . ." and noted that "it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner." Judge Hogan added that the "term [reasonably available evidence] also includes any other evidence the Government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay." § I.D.1.

The Court has concluded that, faced with the Hobson's choice of conducting massive comprehensive searches throughout the Government for exculpatory information versus delaying disclosure because of the time needed to conduct such searches, the directive given by the Supreme Court in Boumediene v. Bush, 128 U.S. 2229, 2275 (2008), to handle these cases promptly must outweigh the effort to search for every possible piece of exculpatory information. Moreover, the Court is convinced, after holding statuses in many of its Guantanamo Bay cases and reviewing the files in all of them, that Petitioners have ample tools at their disposal to ferret out additional facts

---

[3] While it is not completely clear from the Government's papers, it would appear that in preparing the factual returns, the Government reviews only materials from the Defense Department Combatant Status Review Tribunal ("CSRT") files, the Administrative Review Board ("ARB") files, and the Joint Intelligence Group ("JIG") files. See Gov. Mot. to Clarify, Reconsider or Amend [Dkt. No. 237] at 7. Significantly, conspicuous by its absence is any reference to the Central Intelligence Agency ("CIA"). However, if Petitioner's counsel, on a case-by-case basis, believes that the necessity for additional searching outweighs the delay which such searching will most certainly entail, counsel may submit a request under § I.E.2. for additional limited discovery. Moreover, it will be easier for counsel to satisfy the requirements of § I.E.2. that the request be narrowly tailored, specific, and likely to produce evidence that demonstrates the illegality of Petitioner's detention after they have received the exculpatory evidence and automatic discovery provided in § I.D.1. and § I.E.1.

so as to narrow the issues in dispute and focus their challenge on those specific facts and information upon which the Government is basing its claim of lawful detention.  Specifically, Petitioners can seek additional discovery for good cause under § I.E.2., they can file motions to compel, they can request admissions and stipulations, they can request certifications from the Government regarding the adequacy of searches of materials, and they can use the statements of facts in dispute and not in dispute which must be submitted for hearings on the merits.

      2.      This Court also agrees with Judge Hogan that the discovery obligation imposed in § I.E.1. requires automatic discovery of documents, objects, and statements of the Petitioner in the Government's possession, as well as information about the circumstances in which such statements were made or adopted, that are referred to in the factual return," and "all statements . . ." that relate to the information contained in the factual return.  This requirement pertains to those documents, objects, and statements relied upon by the Government to justify detention.  Again, after receiving this automatic discovery, Petitioner will be in a better position to make narrow, tailored, specific, and targeted requests for additional discovery under § I.E.2.

      3.      The Government also requests that the Court reconsider and amend the provisions in CMO #1 regarding the handling of classified information.  The Court concludes that this request may be **granted**.  Therefore, § I.F. is being amended to delete the requirement that the Government provide Petitioners with an adequate substitute for any classified information required to be disclosed under § I.D. or I.E. of CMO #1; instead, the Government shall still be required to provide such classified information to Petitioner's counsel, provided Petitioner's counsel is cleared to access such information.  If the Government objects to providing Petitioner's counsel with the classified information, the Government shall move for an exception to disclosure.  Petitioner's counsel may

also move, on a case-by-case basis, to demonstrate why it is necessary to provide Petitioner with an adequate substitute for any classified information.

4.   The Government also requests certification to the Court of Appeals, pursuant to 28 U.S.C.A. § 1292(b), if any of its requests are not granted. One of the requirements for certification is that it would "materially advance the ultimate termination of the litigation." There is absolutely no question that certification would delay -- not advance -- ultimate termination of this sorely-delayed litigation.  The Government's request has absolutely no merit and is **denied**.

5.   The Government appears to be requesting that the Court reconsider its requirement, in an Order entered on December 29, 2008, in Al Adahi v. Bush, that it file a statement of facts providing the following information: "[i]f the Government intends to rely on any statements in proving its case-in-chief, it shall disclose in its statement of facts: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made)." Order at 3 [Case No. 05-280; Dkt. No. 225].  These requirements are consistent with what the Government is required to disclose. All of this information is covered under provisions of the Case Management Order and the Court sees no need to reconsider the language of that Order.

For these reasons, the Government's Motion is **granted in part and denied in part**.

February ___, 2009                              /s/_____
                                                Gladys Kessler
                                                United States District Judge

**Copies via ECF to all counsel of record**