UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AL-ADAHI, et al., : | |
| : | |
| Petitioners, : | |
| : | |
| v. : | Civil Action No. 05-280 (GK) |
| : | |
| BARACK H. OBAMA, et al., : | |
| : | |
| Respondents. : | |

ORDER

A Status Conference was held in this case on March 25, 2009, which took place in part in open court and in part in a sealed courtroom due to the discussion of classified information.[1] Upon consideration of Petitioner Hamdoun's Motion for Discovery Under Section 1.E.2 of the Case Management Order [Dkt. Nos. 297], the Opposition, Reply, representations of the parties, and the entire record herein,[2] it is hereby[3]

ORDERED, that Document Request No. 1 is **granted in part and**

---

[1] In addition to scheduling issues, there were three ripe discovery motions before the Court; one motion was filed on the public docket, while two others were classified. On March 26, 2009, the Court issued a public Order resolving the unclassified motion. The Court resolves portions of the classified motions in this Order. The remainder of the discovery issues will be resolved after the Court hears from parties at the next Status Conference.

[2] Any mention herein of "consolidated files" refers to the JTF-GTMO/OARDEC files.

[3] Unless otherwise specified, all matters in the Document Request are included in the Court's Order.

**denied in part.** The Government certified that it has produced all but one of the seven intelligence reports requested by the Petitioner. For that one remaining report, ███████████████ the Government will report by March 30, 2009, on its ability to locate and provide the document. The Government is not required to produce Petitioner's drawing of the house in which he was captured, since it is not relevant to the legality of his detention. Finally, the Government certified that any records created of Petitioner's interrogations during the weeks in question would have been produced as part of the Government's obligation to turn over exculpatory evidence. Petitioner is permitted to submit an interrogatory to determine if any evidence pertaining to the interrogations during this time period might exist in a database outside of the JTF-GTMO/OARDEC ("consolidated files"); and it is further

**ORDERED**, that Document Request No. 2 is **granted in part.** To the extent that the Government has not already done so as part of its production of exculpatory evidence, it shall produce interrogation logs or plans for those interrogations of the Petitioner that elicited statements upon which the Government relies to justify its detention; and it is further

**ORDERED**, that Document Request No. 3 is **denied**, because the Government represented that it has met this request in fulfilling its obligation to produce exculpatory information; and it is

-2-

further

**ORDERED**, that Document Request No. 4 is **denied** without prejudice, because it sweeps too broadly. Petitioners may, if they choose, amend their request to narrow what they ask of the Government. Such an amended request should be limited to information related to the Government's knowledge of promises or requests made to individuals whose confessions, if given, the Government relies on to justify detention; and it is further

**ORDERED**, that Document Request No. 5 is **denied**, because the Government represents that it does not have the item in its possession, according to a document that itemizes the ▇▇▇▇ ▇▇▇▇ found on Petitioner when he entered Guantanamo Bay; and it is further

**ORDERED**, that Document Requests No. 6 and No. 7 are **granted**. The Government will conduct a search for the ▇▇▇▇▇▇▇▇▇ If they are able to locate the ▇▇▇▇ they will allow the Petitioner to inspect it. If they are able to locate the ▇▇▇▇ they will produce a copy of it; and it is further

**ORDERED**, that Document Request No. 8 is **denied**, because it sweeps too broadly, and it is further

**ORDERED**, that Document Request No. 9 is **granted in part and denied in part** without prejudice. The Government shall produce Petitioner's medical records for the first four months that Petitioner was detained at Guantanamo Bay. Petitioner is permitted

to request at a later time records that pertain to time frames for which he can justify a particular concern; and it is further

**ORDERED**, that Document Requests No. 10 and No. 11 are **denied** without prejudice, in view of the fact that the Government certified that it has satisfied this request in fulfilling its obligation to produce exculpatory information; and it is further

[redacted]

**ORDERED**, that Document Requests No. 13 and No. 14 are **granted in part and denied in part.** The Government must produce any documents or other information that relate to any formal requirements or procedures for becoming a member of Al Qaida; and it is further

**ORDERED**, that Document Request No. 15 is **denied**, because it requests information that is too remote from any that the Government uses to justify detention; and it is further

**ORDERED**, that Document Request No. 16 is **denied**, because it sweeps too broadly; and it is further

**ORDERED**, that Document Request No. 17 is **granted**. If the Government is in possession of the video or video stills, it must produce a copy to the Petitioner; and it is further

-4-

**ORDERED**, that Document Request No. 18 is **denied**, because it is not relevant; and it is further

**ORDERED**, that Document Request No. 19 is **granted**; and it is further

**ORDERED**, that a Status Conference shall be held on **April 1, 2009, at 10:30 a.m.**

March 27, 2009

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

<u>Copies to</u>: Attorneys of Record via ECF