███

FILED WITH THE
COURT SECURITY OFFICER
CSO:
DATE:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AL-ADAHI, et al., : | |
| : | |
| Petitioners, : | |
| : | |
| v. : | Civil Action No. 05-280 (GK) |
| : | |
| BARACK H. OBAMA, et al., : | |
| : | |
| Respondents. : | |

## ORDER

Two Petitioners in this case, Mohammed Al-Adahi and Zahar Omar Khamis Bin Hamdoun, seek additional discovery of certain materials. Upon consideration of Petitioner Al-Adahi's Motion for Additional Discovery Pursuant to the Court's April 2, 2009 Order [Dkt. No. 331], Petitioner Hamdoun's Motion for the same[1] [Dkt. No. 332], Al-Adahi's Motion to Compel the Production of His Most Up-To-Date ███ [Dkt. No. 339], the Oppositions, Replies, representations of the parties, and the entire record herein, it is hereby

**ORDERED**, that Al-Adahi's and Hamdoun's requests for materials

---

[1] Hamdoun's Motion is titled "Motion for Additional Discovery and Interrogatory Pursuant to the Court's April 2, 2009 Order."

███

█

related to the identity and qualifications of translators used by the Government during interrogations of detainees are **denied**, because they fail to meet the requirements under § I.E.2 of the Case Management Order ("CMO"). The requests, while specific, are purely speculative in terms of what they hope to obtain. Petitioners have failed to show that the information is likely to produce any evidence demonstrating unlawful detention as required by § I.E.2(3). Additionally, as the Government has described, some of the information requested by Petitioners is contained in documents which have already been produced to them. Finally, the Court credits the Government's argument that uncovering the requested information about translators would be overly burdensome; and it is further

**ORDERED**, that Petitioner Hamdoun's Motion to Compel an answer to his proposed interrogatory is **denied**. The request is targeted, but again fails to demonstrate how the information requested is likely to produce evidence demonstrating unlawful detention. The Government relies on one statement made during the period described in the interrogatory; "circumstances evidence" pertaining to that statement is contained in the █ itself, and the Government has already conducted a search for additional evidence related to the statement (which did not produce any material). Given the

█

-2-

███

speculative nature of the request, and the fact that it requires a burdensome global search for information outside the consolidated files and throughout the government, the proposed interrogatory fails to meet the requirements of the CMO; and it is further

**ORDERED**, that Petitioner Al-Adahi's request for production of the most up-to-date ███ is **denied**. The ███ is not a single document, but a compilation of many different reports. Therefore, the request is not as targeted as Petitioner represents. Further, Petitioner Al-Adahi can only speculate that information in the updated ███ will have any bearing on the lawfulness of his detention. The open-ended request, although perhaps not as burdensome to the Government to provide as the other requests discussed, does not meet the requirements of § I.E.2(3).

May /7, 2009

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

Copies to: Attorneys of Record via ECF

███

-3-