UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MOHAMMED AL-ADAHI, et al.,         :
                                   :
     Petitioners,                  :
                                   :
     v.                            :     Civil Action No. 05-280 (GK)
                                   :
BARACK H. OBAMA, et al.,           :
                                   :
     Respondents.                  :
                                   :
_____:

MEMORANDUM ORDER

Petitioner Mohammed Al-Adahi ("Al-Adahi" or "Petitioner") is a Yemeni citizen who has been detained at the United States Naval Base at Guantanamo Bay Cuba since 2002. Al-Adahi v. Obama, Civ. No. 05-280, 2009 WL 2584685, at *1 (Aug. 21, 2009)("Mem. Op.") [Dkt. No. 459]. Al-Adahi filed a petition for a writ of habeas corpus in 2005, which this Court granted on August 17, 2009. Id. The Government has appealed that ruling. This matter is before the Court on the Government's Motion for Stay Pending Appellate Review ("Gov Mot.") [Dkt. No. 466]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, the Government's Motion is **granted**.

I.   BACKGROUND

In the wake of the Court's granting of Al-Adahi's habeas petition, the Government decided to challenge this decision, Gov Mot. at 1, and Petitioner then filed a Cross-Appeal [Dkt. No. 473]. Expedited briefing of the appellate matter was completed on December 7, 2009. No date for oral argument has yet been set, as of

this date.  Seven days after noticing its appeal, the Government filed the instant Motion.  Petitioner filed his Opposition on October 1, 2009 ("Pet.'s Opp'n") [Dkt. No. 469], and the Government filed its Reply on October 8, 2009 ("Gov Reply") [Dkt. No. 479].

**II. ANALYSIS**

Courts may grant a motion for a stay pending appeal where the moving party shows: (1) a likelihood of success on the merits of the appeal; (2) "that it will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the stay."  United States v. Philip Morris Inc., 314 F.3d 612, 617 (D.C. Cir. 2003) (citing Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).  Applying the test is not simply a matter of tallying the factors that favor one party and comparing them to those favoring the opposing party.  Rather, the test is flexible, and requires a weighing and balancing of the four factors.  See Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1318 (D.C. Cir. 1998); Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985).

The moving party is not required to show that it is assured of success on appeal.  Rather, it can satisfy the first factor by raising in its appeal "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation."  Holiday Tours, 559 F.2d at 844; see also Comm. on the Judiciary of

<u>the United States House of Representatives v. Miers</u>, 542 F.3d 909, 911-912 (D.C. Cir. 2009) (Tatel, J., concurring).  The appeal raises serious and difficult issues, including the proper application of the well-established evidentiary standard in habeas cases to the facts presented in this case.  While the Court believes that the Memorandum Opinion speaks for itself in terms of how the case should be decided, it is true that it deals with complicated issues that represent "fair ground for litigation and thus for more deliberative investigation."  <u>Holiday Tours</u>, 559 F.2d at 844.  Therefore, the Government prevails on the first factor.

Second, the Court must assess whether denial of a stay would cause the Government to suffer irreparable injury.  Here the Government argues that Al-Adahi's release to Yemen would render the United States "almost certainly . . . unable to regain custody of him in the event that the Court of Appeals overturns this Court's grant of the writ."  Gov Mot. at 3.  This potential release could theoretically create a scenario where Petitioner is transferred to Yemen, or another country, before the Court of Appeals has the opportunity to decide the appeal.  In such a scenario, if Petitioner were released and if the Court of Appeals were to reverse this Court's decision, the Government is probably correct that there is little chance that the United States would be able to regain his custody.  In that event, the United States would suffer irreparable injury, and the safety of its citizens could be put at risk.  Petitioner does not address this point, despite the fact

that denying the stay request presents a serious risk of harm to the Government.

On the other hand, if the case is stayed there is no question that Petitioner also suffers irreparable injury.  It has been nearly eight years since Al-Adahi was first detained at Guantanamo Bay.  He faces additional detention if the Motion is granted, as he would remain at Guantanamo Bay for at least as long it takes for the appellate litigation to run its course.  Such a deprivation of liberty constitutes serious and irreparable injury. Although the Government has requested expedited review of the case, and the briefing has been completed, no oral argument has been set and it may well take the Court of Appeals many months to decide the substantive legal issues presented, even after oral argument. While Petitioner's estimate of two to three years of further litigation may overstate the delay,[1] it will still be substantial. See Pet.'s Opp'n at 4.  Therefore, factors two and three sit in equipoise, as both parties would potentially suffer irreparable harm.

Finally, the Court must assess whether the public interest would be served by the issuance of a stay.  There is, as the Government argues, significant benefit in having the Court of Appeals clarify the evidentiary issues it raises. Gov Mot. at 5-6. There can be little doubt that the Guantanamo Bay litigation presents questions of "extraordinary public moment," a

---

[1]  Petitioner could well be correct if the losing party seeks certiorari from the Supreme Court and it is granted.

consideration which militates in favor of a stay. <u>Landis v. North American Co.</u>, 299 U.S. 248, 256 (1936).  Given the fact there are numerous similarly situated petitioners before each judge in this District, clarification of the legal landscape by the Court of Appeals would be particularly useful.  Thus, factor four supports the granting of the Motion.

In carefully balancing each of these factors, the Court concludes that a stay is appropriate.  The appeal raises serious and potentially far-reaching legal issues.  There is no evidence that the appeal was taken merely as a dilatory tactic designed to lengthen Petitioner's detention.  Indeed, the Government has appealed only a fraction of the cases in which it has not prevailed (in fact, this may be the only case in which it has taken such an appeal).  The Court does not minimize in any way the significant harm which Petitioner will suffer, but does conclude that the balance of the equities favors granting the stay so that significant legal issues can be resolved.  Wherefore, it is hereby

**ORDERED**, that this Court's August 17, 2009, Memorandum Opinion and Order shall remain stayed until the conclusion of appellate review.

|  | /s/ |
|---|---|
| December 9, 2009 | Gladys Kessler |
|  | United States District Judge |

**Copies to**:  Attorneys of Record via ECF