```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MOHAMMED AL-ADAHI, et al.,    )
                              )
        Petitioners,          )
                              )
        v.                    )
                              ) Civil Action No. 05cv-280 (GK)
BARACK OBAMA, et al.          )
                              )
                              )
        Respondents.          )
```

**MEMORANDUM ORDER**

Petitioner Mohammed Al-Adahi ("Al-Adahi" or "Petitioner") is a Yemeni citizen who has been detained at the United States Naval Base at Guantanamo Bay Cuba since 2002. Al-Adahi v. Obama, Civ. No. 05-280, 2009 WL 2584685, at *1 (Aug. 21, 2009) [Dkt. No. 459] ("Mem. Op."). Al-Adahi filed a petition for a writ of habeas corpus in 2005, which this Court granted on August 17, 2009. Id. The Government was ordered to videotape Petitioner's testimony at the Merits Hearing, and then redact and maintain a copy of the recording. Order at 1 (June 19, 2009) [Dkt. No. 423]. The Government failed to videotape Petitioner's testimony at that Hearing. This matter is before the Court on Petitioner's Motion for Sanctions ("Pet.'s Mot.") [Dkt. No. 447].

**I. BACKGROUND**

This Court heard Petitioner's case at a four-day Merits Hearing from June 22-26, 2009. Id. at *2. Because classified information needed to be presented at the Hearing, proceedings had to be closed to the public. To afford the public and the press an

opportunity to observe the greatest possible portion of Petitioner's testimony, the Court instructed "the Government, through the appropriate agency, [to] videotape [Petitioner's] testimony and maintain copies of the complete testimony as given, as well as a redacted version of that testimony." Order at 1 (June 19, 2009). Petitioner testified via video-conference on June 23, 2009.

On July 23, 2009, the Government filed notice with the Court that the Petitioner's testimony had not been videotaped. Resp't's Notice Regarding the Court's June 19, 2009 Order at 1 [Dkt. No. 446]. On July 24, 2009, Petitioner filed a Motion for Sanctions, requesting in camera production of records of every communication maintained by the Department of Justice, the Department of Defense, and other Government agencies that related to Petitioner's testimony. He also requested that, after review, the Court make public unprivileged or no-longer-privileged communications. Pet.'s Mot. at 2. Counsel also seeks release of Petitioner as a sanction for the Government's failure to comply with the Order, or, in the alternative, an order that Petitioner be brought to Washington, D.C. to testify in person and in public, without being subjected to cross-examination. Id.

On August 17, 2009, when the Court granted Petitioner's habeas petition, the Government was ordered to "take all necessary and appropriate diplomatic steps to facilitate Petitioner's release

forthwith". Mem. Op. at *16.  On September 21, 2009, the Government filed a Notice of Appeal of the Court's decision to release Al-Adahi.

**II. ANALYSIS**

The Court may "punish," at its discretion, "disobedience or resistance to its lawful writ, process, order, rule, decree, or command" through the issuance of a contempt citation.[1]  18 U.S.C. § 401(3) (2006); see also Local Rule 83.13(b) (noting the Court's "inherent power of discipline for conduct committed in the presence of the Court").  Courts may issue a contempt citation when the offending party has violated an order that is clear and unambiguous and when the violation is proven by clear and convincing evidence. See Armstrong v. Executive Office of the President, 1 F.3d 1274, 1289 (D.C. Cir 1993).  Courts have classified contempt as either criminal or civil, depending on the character and purpose of the sanctions imposed.  Gompers v. Buck's Stove and Range Co., 221 U.S. 418, 441 (1911).  Criminal contempt requires "both a contemptuous act and a wrongful state of mind."  Cobell v. Norton, 334 F.3d 1128, 1146 (D.C. Cir. 2003).  However, because the purpose of a

---

[1] The Federal Rules of Civil Procedure also permit sanctions for misrepresentation to the Court in a written filing (Fed. R. Civ. P. 11(c)), failure to obey a pre-trial order (Fed. R. Civ. P. 16(f)), or failure to make disclosures or cooperate in discovery (Fed. R. Civ. P. 37(d)). Petitioner does not specify his grounds for seeking sanctions, but because the facts do not fit squarely within any of the sanction provisions of the Federal Rules, the Court has construed Petitioner's request as seeking sanctions under a contempt order.

civil contempt order is remedial, there is no requirement that the offending conduct be willful.  <u>McComb v. Jacksonville Paper Co.</u>, 336 U.S. 187, 500 (1949).

In this case, the Government does not dispute that the Court's Order was clear, nor does it deny that it violated the Order. Resp't's Notice at 1.  The Government contends that the Order was violated "due to oversight and miscommunication" and that its actions were "inadvertent."[2]  <u>Id.</u>  While Petitioner's counsel alleges the Government acted "to conceal the brutality of Guantanamo from the American public," they offer no evidence to support their contention that the Government's conduct was intentional. Pet.'s Mot. at 2.  Because the Court has no evidence to indicate that the offending conduct was willful, criminal contempt and punitive sanctions are not merited here.

Civil contempt, however, is appropriate.  On this record, there is no question that there is clear and convincing evidence that the Government has violated a clear and unambiguous Court Order.  Therefore, this Court now holds the United States Government in civil contempt.

Civil contempt is a remedial sanction used to obtain compliance with a court order or to compensate for damages

---

[2]  The Government claims that "[d]ue to an oversight, the Department of Defense failed to convey the request [sic] to videotape the testimony to the command at Guantanamo Bay, which would have been responsible for recording the testimony." Resp't's Opp'n at 2.

sustained as result of noncompliance.  <u>Food Lion Inc., v. United Food and Commercial Workers Int'l Union</u>, 103 F.3d 1007, 1017 (D.C. Cir. 1997).  Therefore, the issue before the Court is what action is appropriate to ensure compliance with future court orders of a like nature and to alleviate any damage sustained by the public because of the Government's failure to comply with the Court's Order to videotape Petitioner's testimony.

Petitioner seeks an order of release as a sanction for the Government's conduct.  Pet.'s Mot. at 2.  A District Court may impose a sanction of dismissal for misconduct pursuant to the Court's "inherent power to protect its integrity and prevent abuse of the judicial process." <u>Shepherd v. Am. Broad. Co., Inc.</u> 62 F.3d 1469, 1474 (D.C. Cir. 1986).  Courts may invoke three basic justifications for the use of dismissal as a sanction against misconduct: (1) that the other party "has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case;" (2) that the party's actions have placed an intolerable burden on the District Court; or (3) to deter similar conduct in the future.  <u>Shea v. Donohoe Constr. Co.</u>, 795 F.2d 1071, 1074-1075 (D.C. Cir. 1975).  In this case, Petitioner cannot demonstrate prejudice, given that he prevailed on his petition for habeas corpus;[3] nor can he show any "intolerable burden" placed on

---

[3]   Furthermore, this Court has already ordered the Government to take all necessary and appropriate diplomatic steps
(continued...)

the Court by virtue of the Government's failure to videotape his testimony.

However, that is not the end of the analysis. Because of national security concerns, most of the Guantanamo Bay habeas corpus hearings are classified and closed to the public. There is intense national and international interest in the conduct of these proceedings, as the reading of any major newspaper demonstrates. The purpose of the Court's Order requiring the Government to videotape Petitioner's testimony was to ensure the maximum amount of public accessibility to the judicial process. By requiring the Government to videotape Petitioner's direct testimony and cross-examination, and then make it public after classification review, the Court sought to ensure that the public would have an opportunity to observe as much of the testimony as possible. Thus, there are two other justifications for imposing sanctions against the Government: to minimize the damages to the public's lost opportunity to observe an actual Guantanamo Bay trial (or "Merits Hearing," as it is referred to), and to deter further non-compliance with court orders.

As to the first, the Government argues that no sanction is needed because the public can access the testimony through the transcript which has been placed on the Court's official Electronic

---

[3](...continued)
to secure Petitioner's release pursuant to the grant of Petitioner's request for a writ of habeas corpus. Mem. Op. at *16.

---

Filing System ("ECF"). That rationale is not persuasive. First, only a limited segment of the public, i.e., lawyers, litigants, judges, and judicial staff, regularly access ECF. Second, a picture is truly worth 1,000 words, and the full import of Petitioner's testimony cannot be gained from the cold, dry transcript alone.

To ensure maximum public access to Petitioner's testimony and to comply with the intent of the Court's original Order, a transcript of Petitioner's testimony shall be posted to the U.S. District Court Public Information Page for Guantanamo Bay Cases, which the public can access more easily.[4] Furthermore, the Government shall submit, within 30 days from the date of this Order, a detailed explanation of all steps it has taken to ensure that such errors shall not occur in the future.

Petitioner also seeks an Order that he be brought to Washington, D.C. "in chains (as he appeared at the hearing)" to testify in person and in public, without being subjected to cross-examination by the Government. The Court rejects this request for several reasons. First, the logistical and security problems would be extremely difficult to overcome. Second, such a sanction would not be directly related to the requirement that any punishment for civil contempt be remedial rather than pure punishment. In other

---

[4] <u>Available at</u> http://www.dcd.uscourts.gov/public-docs/gitmo.

words, Petitioner's proposal cannot duplicate the setting and atmosphere of the original testimony.  Third, and finally, such a sanction would not further the purpose of the Court's original Order which was to allow the public to witness as much of the actual trial as possible consistent with security and secrecy concerns.

For all these reasons, it is this 10th day of December, 2009, hereby

**ORDERED**, that the United States Department of Defense is hereby adjudged and decreed to be in civil contempt of Court for failing to comply with this Court's Order of June 19, 2009, directing Respondents to videotape Petitioner's testimony at the Merits Hearing in this case, and then to redact and maintain a copy of that recording; and it is further

**ORDERED**, that the Clerk of Court shall post a transcript of Petitioner's testimony on the United States District Court Public Information Page for Guantanamo Bay Cases; and it is further

**ORDERED**, that Respondents shall submit, within **30 days of the date of this Order**, a detailed explanation of all steps taken to ensure that such errors not occur in the future; and it is further

**ORDERED,** that Petitioner's Motion for Sanctions is **granted in part and denied in part.**

```
                                          /s/                        
                                      Gladys Kessler
                                      United States District Judge
```

<u>Copies to</u>: attorneys on record via ECF